IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARCIKA COOKS**, **Individually and** | § | |
| **as next friend of J.C.,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:13-CV-1225-L** |
| | § | |
| **ELI LILLY AND COMPANY,** | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Plaintiff's Motion to Reinstate (Doc. 17), filed October 17, 2013.  This

case was dismissed without prejudice on October 2, 2013, as a result of Plaintiff's failure to effect

service on Defendant by August 30, 2013, or show good cause in writing for the failure or inability

to effect service, as required by the court's order of August 15, 2013 (Doc. 6).[1]  In her motion,

Plaintiff maintains that good cause exists under Rule 4(m) of the Federal Rules of Procedure for her

past failures to effect service and that she is ready to proceed with the case.  Plaintiff therefore

requests that the court reopen the case.  The court construes Plaintiff's motion as a motion for

reconsideration.  On November 4, 2013, Defendant filed a response in opposition to Plaintiff's

motion.  After considering the motion, response, and record, the court **denies** Plaintiff's Motion to

Reinstate (Doc. 17) for the reasons herein explained.

---

[1]  The court's October 2, 2013 order mistakenly states that Plaintiff was required to effect service by August 15, 2013, rather than August 30, 2013.  It also mistakenly states that Defendant moved on August 16, 2013, rather than August 26, 2013, to quash Plaintiff's first attempt at service.  This, however, does affect the court's analysis in ruling on Plaintiff's Motion for Reinstatement, and, to the extent the court's prior order is inconsistent, this memorandum opinion and order is controlling.

Memorandum Opinion and Order – Page 1

When "a plaintiff fails to serve the defendant properly within 120 days of filing the complaint, upon motion of the defendant or *sua sponte* by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service." *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (per curiam); Fed. R. Civ. P. 4(m).  Similarly, [w]hen service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).  "To establish good cause the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do[es] not suffice." *Peters*, 9 F.3d at 345 (internal quotation marks omitted).  In addition, the plaintiff "must make a showing of good faith and establish some reasonable basis for noncompliance within the time specified." *Id*. (internal quotations omitted).  Upon a showing of good cause, the district court "shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

This products liability case was filed by Plaintiff on March 22, 2013.  By order dated August 15, 2013, the court directed Plaintiff to effect service on Defendant by August 30, 2013, or show good cause in writing for her failure or inability to effect service by this date.  The court admonished Plaintiff that failure to effect service or show good cause by this date would result in dismissal without prejudice of the action pursuant to Rule 4(m).  Later that same day, Plaintiff filed a summons, which indicated that service on Defendant was effected on March 28, 2013, by mailing a copy of the summons via certified mail to "Corp Service Company" at "80 State St., Albany, NY 12207."  Doc. 7.  On August 23, 2013, the court therefore directed Plaintiff, to move for entry of default and default judgment by September 16, 2013.

**Memorandum Opinion and Order – Page 2**

Three days later, on August 26, 2013, Defendant moved to quash service on the grounds that Plaintiff had served the wrong entity.  In support of its motion to quash, Defendant submitted evidence to show that its only agent for service of process in New York state is National Registered Agents, Inc., located at 111 Eighth Avenue, New York, New York, 10011.  Rather than responding to Defendant's motion to quash service, Plaintiff attempted again to effect service on Defendant but did not seek an extension of time to comply with the court's order requiring her to effect service on Defendant or show cause in writing by August 30, 2013, for the failure or inability to effect service.

Eleven days after the expiration of the court-ordered deadline to effect service, Plaintiff filed, on September 11, 2013, a copy of a summons indicating that Defendant was served on September 4, 2013.  It is clear from this summons, however, that the wrong entity, Corporation Service Company, was served *again* even though Defendant had disclosed, in its motion to quash service, the correct name and address of its agent for service of process in New York state.  Thus, if Plaintiff had reviewed the summons before filing it, she would have known that the second service was improper.  If, on the other hand, Plaintiff did not review the summons before filing it and was unaware that she had served the same wrong entity again, this would seem to explain why she did nothing after filing the second summons on September 11, 2013, to correct the error or seek additional time to effect service.  Plaintiff's failure, however, to move for entry of default and default judgment on September 16, 2013, indicates that she was aware, as early as September 16, 2013, that her second attempt at serving Defendant was not effective.

On September 25, 2013, Defendant moved, pursuant to o Federal Rules of Civil Procedure 12(b)(5) and 4(m), to dismiss the case.  In its motion to dismiss, Defendant contended that dismissal was proper because Plaintiff had twice served the wrong entity despite being provided the

**Memorandum Opinion and Order – Page 3**

information needed to effect service on its authorized agent for service of process. Defendant

therefore contended, for the same reasons asserted in its motion to quash, that Plaintiff's service

remained defective, and that Plaintiff had therefore failed to comply with the court's order requiring

service by August 30, 2013. After Defendant filed its motion to dismiss, the court waited one week

before dismissing the case without prejudice pursuant to Rule 4(m). Plaintiff waited another fifteen

days, after entry of the court's order dismissing the case, to file her Motion for Reinstatement.

In her motion, Plaintiff asserts, *for the first time*, that she attempted twice to effect service

on Defendant and "[t]hrough sheer mistake, this was not accomplished and [the wrong entity] was

served once again." Pl.'s Mot. 2. As previously noted, however, mere inadvertence or mistake of

counsel is generally insufficient to establish good cause. *Peters*, 9 F.3d at 345 (internal quotation

marks omitted). Moreover, Plaintiff made no effort to show good cause in writing why she failed

or was unable to effect service on Defendant by August 30, 2013, as required by the court's August

15, 2013 order. She instead waited until *after* the case was dismissed before attempting to show

good cause.

Although she knew, as a result of Defendant's August 26, 2013 motion to quash, that her first

attempt at service was ineffective, she did not seek an extension of time, prior to the August 30, 2013

deadline, to effect service on Defendant. Plaintiff instead waited until September 11, 2013, twelve

days after the August 30, 2013 deadline, to file a copy of the second summons. The summons,

however, indicates that service was again made on the wrong entity that was previously served.

Plaintiff does not state when she learned that the second service was ineffective, but, as previously

noted, she must have discovered the "mistake" by September 15, 2013, because she did not move

for entry of default or default judgment in accordance with the court's August 23, 2013 order. Plaintiff nevertheless fails to explain why she took no action until October 17, 2013.

The court therefore concludes that Plaintiff has not established good cause for her failure to effect service on Defendant by August 30, 2013, as required by the court's August 15, 2013 order; nor has she established a reasonable basis for the noncompliance.  Further, Plaintiff has failed to explain why she could not have and did not, prior to October 17, 2013, make any attempt to establish good cause in writing for her failure or inability to effect service.  Plaintiff also does not assert that she will be prejudiced in any respect by the dismissal without prejudice of this action, and there is no indication in the record that applicable statute of limitations will bar further litigation of Plaintiff's claims.  Accordingly, for all of these reasons, the court **denies** Plaintiff's Motion for Reinstatement (Doc. 17).[2]

**It is so ordered** this 16th day of January, 2014.

Sam A. Lindsay
United States District Judge

---

[2] Plaintiff's Original Complaint ("Complaint") does not even, on its face, comply with Federal Rule of Civil Procedure 8(a)(1), which requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction . . . ."  The court concludes that diversity jurisdiction exists because the Complaint contains allegations that clearly show diversity exists between the parties; however, the court is only able to reasonably infer that the amount in controversy exceeds $75,000 because Plaintiff asserts several claims for which she alleges severe injury, and seeks both compensatory and punitive damages.

**Memorandum Opinion and Order – Page 5**